UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAWAIN WILLIAMS,

    Petitioner,                                      Civil Action No. 17-CV-11646

                                                                       HON. BERNARD A. FRIEDMAN

v.

THOMAS WINN,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to the manufacture or delivery of 50 to 449 grams of cocaine, two counts of the manufacture or delivery of less than 50 grams of cocaine, and possession of marijuana in Oakland County Circuit Court and was sentenced to a lengthy prison term. Petitioner raises claims concerning his opportunity for allocution at sentencing, the validity of his sentences, and the voluntariness of his plea. For the reasons stated below, the Court shall dismiss the petition without prejudice, decline to issue a certificate of appealability, and dent leave to proceed in forma pauperis on appeal.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *Koontz*

*v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). In Michigan, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *See Rust*, 17 F.3d at 160.

In the present case, the record indicates that the petitioner raised his allocution claim before the Michigan Court of Appeals and the Michigan Supreme Court. However, he did not raise his sentencing and plea voluntariness claims on direct appeal before the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. Presenting new issues for the first time before a state supreme court on discretionary review does not amount to a "fair presentation" of those claims to the state courts for exhaustion purposes. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner has thus failed to properly exhaust all of his claims in the state courts before seeking federal habeas review.

Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 et seq. and seek further review in the state appellate courts as necessary. The unexhausted claims should be addressed to, and properly considered by, the state courts in the first instance.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present

his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, is available only in "limited circumstances." *Id*. at 277.

In the present case, petitioner neither requests a stay nor shows the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for the petitioner if he pursues his state court remedies promptly. Second, while there is no indication that petitioner has engaged in "intentionally dilatory tactics," he neither alleges nor establishes good cause for failing to fully exhaust all of his claims in the state courts before seeking relief in this Court. Third, based upon the current record, the Court cannot determine whether or not the petitioner's unexhausted claims are "plainly meritless." In these circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate. Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is dismissed without prejudice. If petitioner wishes to delete his unexhausted claims and proceed only on the his fully exhausted claim, he may move to re-open this case and amend his petition to proceed only on the exhausted claim within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that petitioner may not proceed in forma pauperis on appeal as an appeal, as any appeal in this matter could not be taken in good faith.


                                          S/ Bernard A. Friedman_____
                                          BERNARD A. FRIEDMAN
                                          SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 6, 2017
       Detroit, Michigan